IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MICHELE DAGUE                                                     PLAINTIFF

VS.                               NO. 4:13-CV-00627 KGB

JASON'S DELI and BOURKE HARVEY                         DEFENDANTS

**BRIEF IN SUPPORT OF MOTION TO DISMISS
COMPLAINT AGAINST BOURKE HARVEY**

Defendant Bourke Harvey submits this brief in support of his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) and (6).

**I. INTRODUCTION**

On November 4, 2013, plaintiff Michele Dague ("plaintiff") filed this action against Jason's Deli and Bourke Harvey[1] (collectively referred to as "defendants"). Plaintiff alleges that defendants discriminated against her on the basis of sex, age, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

On December 2, 2013, the Court granted plaintiff's motion to proceed *in forma pauperis* and directed the U.S. Marshal Service ("the Marshals") to serve defendants. The Marshals attempted to serve defendants via certified mail, addressed to the Jason's Deli store location at 301 Shackleford Road in Little Rock. The Marshals, however, did not restrict delivery to the addressees and both

---

[1] The complaint identifies Bourke Harvey ("Harvey") as "franchise owner." Harvey is president of Deli Partners, LLC, which manages Deli Partners of Little Rock LP d/b/a Jason's Deli—the Jason's Deli franchise where plaintiff formerly worked. Through another company, Harvey Foods, Inc., Harvey has an ownership interest in the Little Rock franchise. The offices of Deli Partners, LLC and Harvey Foods, Inc. are located in Texas, and Harvey is a resident of Texas.

1

summonses and complaints were received by a Jason's Deli non-managerial employee.

Plaintiff's claims against separate defendant Harvey fail as a matter of law because Harvey was not her "employer" under Title VII or any relevant federal discrimination statute. Additionally, plaintiff failed to properly serve him with the summons and complaint.

## II. ARGUMENT

### A. Plaintiff's claims against Harvey should be dismissed because Harvey was not her "employer" under Title VII or any relevant federal discrimination statute.

A complaint should be dismissed for failure to state a claim under Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *In re K-Tel Int'l Sec. Litig.*, 300 F.3d 881, 904 (8th Cir. 2002) (quoting *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)).

It is well settled that individual employees, including those with supervisory responsibility, cannot be held individually liable under the federal civil rights laws because they are not "employers" as defined by those statutes. *See, e.g., Van Horn v. Best Buy Stores, L.P.*, 526 F.3d 1144, 1147 (8th Cir. 2008) (general manager-defendant properly dismissed because Title VII does not provide for an action against an individual supervisor); *Griffin v. Webb*, 653 F. Supp. 2d 925, 933 (E.D. Ark. 2009) ("[T]he Eighth Circuit Court of Appeals has consistently held that 'supervisors may not be held individually liable under Title VII.'").

Under Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). Title VII's inclusion of agents in the definition of employer, however, does not establish individual liability for such persons. "The obvious purpose of the agent provision [of § 2000e(b)] was to incorporate respondeat superior liability into the statute." *Grissom v. Waterloo Indus.*, 902 F. Supp. 867, 870 (E.D. Ark. 1995) (quoting *Gary v. Long*, 59 F.3d 1391 (D.C. Cir. 1995)). *See also Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000) ("If a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action.").

Nor does the allegation regarding Harvey's ownership interest provide any legal basis for individual liability under Title VII. *See Harris v. Heritage Home Health Care*, 939 F. Supp. 2d 793, 800 (E.D. Mich. 2013) (rejecting argument that individual defendants could be liable under Title VII based on status as owners or agents); *Parada v. Great Plains Int'l of Sioux City, Inc.*, 483 F. Supp. 2d 777, 792, (N.D. Iowa 2007) (dismissing individual claims against defendant Bye, president and shareholder of the corporate defendant); *Humphreys v. Medical Towers*, 893 F. Supp. 672, 688 (S.D. Tex. 1995) (defendant's status as sole shareholder and president of one company, which in turn was the managing and general partner of

plaintiff's employer, was insufficient to impose individual liability upon him under Title VII).

Plaintiff's complaint also includes a reference to age discrimination, *see* Complaint ¶ 8, which is not a protected class under Title VII—the only federal statute referenced in the complaint. Even if plaintiff were to amend her complaint to reference the Age Discrimination in Employment Act ("ADEA"), that statute also does not provide for supervisor liability. *See Pickron v. Tankinetics, Inc.*, No. 3:12-CV-03122, 2013 U.S. Dist. LEXIS 136447, at *22–23 (W.D. Ark. Sept. 24, 2013) (finding that while Eighth Circuit has not specifically ruled on the issue, Title VII and the ADEA define "employer" in a "substantially identical manner," and the Eighth Circuit would likely follow majority rule). *See also Bell v. Koerten,* No. 99-C-1040, 1999 U.S. Dist. LEXIS 16479, at *6 (N.D. Ill. Oct. 19, 1999) (defendant owners cannot be held individually liable under Title VII or the ADEA)*; Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 52 n.2 (7th Cir. 1995) (no individual liability under the ADEA); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994) (same); *Miller v. Maxwell's Int'l*, 991 F.2d 583, 587 (9th Cir. 1993) (same).

Accordingly, plaintiff's complaint should be dismissed with prejudice as to separate defendant Harvey.

## B. Plaintiff's claims against Harvey should be dismissed because service of process was insufficient.

"A district court has the power to dismiss a case for failure to comply with its rules." *Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998) (upholding

dismissal for insufficient service of process). Pursuant to the Federal Rules of Civil Procedure, an individual may be served by doing any of the following:

(a) Delivering a copy of the summons and of the complaint to the individual personally;
(b) Leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
(c) Delivering a copy of each to an agent authorized by appointment or by law to receive service of process; or
(d) Following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

*See* Fed. R. Civ. P. 4(e).

As noted above, the U.S. Marshal attempted service of the summons and complaint on Harvey, a resident of Texas, via certified mail addressed to the Jason's Deli store in Little Rock. Harvey was not served personally, nor were copies of the complaint and summons left at his dwelling or usual place of abode. Additionally, the Jason's Deli employee who signed for the certified mail was not Harvey's authorized agent.

Lastly, plaintiff's service attempt did not satisfy Arkansas state law for serving a summons. In addition to the three methods authorized by the federal rules, the Arkansas rules of procedure allow a plaintiff to serve a complaint and summons upon a defendant "by any form of mail addressed to the person to be served with a return receipt requested and **delivery restricted** to the addressee." Ark. R. Civ. P. 4(d)(8) (emphasis added). Plaintiff, however, failed to restrict delivery to Harvey as evidenced by the return receipt itself and the fact that delivery was accepted by an employee of Jason's Deli. *See* "Summons Returned Executed" (ECF Doc. No. 6). Therefore, service of process was insufficient under

5

Arkansas state law as well. *E.g.*, *Connally v. Connally*, 95 Ark. App. 42, 46, 233 S.W.3d 168 (2006) (failure to restrict delivery rendered service invalid). Because service of process was insufficient, plaintiff's claims against Harvey should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).

### III. CONCLUSION

Because an individual cannot be held liable under Title VII, plaintiff's complaint against separate defendant Bourke Harvey should be dismissed with prejudice. The complaint against Harvey should also be dismissed because of plaintiff's failure to properly serve him with the complaint and summons.

       WRIGHT, LINDSEY & JENNINGS LLP
       200 West Capitol Avenue, Suite 2300
       Little Rock, Arkansas 72201-3699
       (501) 371-0808
       Fax: (501) 376-9442
       E-mail: mkaemmerling@wlj.com


       By /s/ Michelle M. Kaemmerling
          Michelle M. Kaemmerling (2001227)
          *Attorneys for Defendants*

CERTIFICATE OF SERVICE
==

On December 27, 2013, a copy of the foregoing was served by U.S. mail on:

Ms. Michele Dague
20 Arbor Oaks
Sherwood, AR 72120

                      /s/ Michelle M. Kaemmerling
                      Michelle M. Kaemmerling