IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MICHELE DAGUE**                                                                                                 **PLAINTIFF**

VS.                                              NO. 4:13-CV-00627 KGB

**JASON'S DELI AND
BOURKE HARVEY**                                                                                               **DEFENDANTS**

## ANSWER TO COMPLAINT OF
## DEFENDANT DELI PARTNERS OF LITTLE ROCK LP d/b/a JASON'S DELI

Defendant Deli Partners of Little Rock LP d/b/a Jason's Deli, sued as "Jason's Deli," for its answer to plaintiff's complaint:

1.      Admits that plaintiff purports to assert a claim under the referenced statutes but denies any violation of those statutes or any other law and denies that plaintiff is entitled to any relief whatsoever.

2.      Upon information and belief, admits the allegations contained in paragraph 2 of the complaint.

3.      Admits that plaintiff was formerly employed by Deli Partners of Little Rock LP, which operates a restaurant located on Shackelford Road in Little Rock, Arkansas, but denies the remaining allegations contained in paragraph 3 of the complaint.

4.      Admits that plaintiff was formerly employed by Deli Partners of Little Rock LP, which operates a restaurant located on Shackelford Road in Little Rock, Arkansas.

5.      Denies the allegations contained in paragraph 5 of the complaint.

6. Admits that plaintiff filed two charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") but denies all allegations of discrimination or wrongdoing contained in the charges and otherwise denies the allegations contained in paragraph 6 of the complaint.

7. Admits that the EEOC issued dismissals and notices of right to sue on August 6, 2013 and September 24, 2013, and that copies of those dismissals are attached to plaintiff's complaint.

8. Denies the allegations contained in paragraph 8 of the complaint.

9. Denies the allegations contained in paragraph 9 of the complaint.

10. While denying that any acts of discrimination or wrongdoing occurred, admits that plaintiff's employment was terminated as alleged in paragraph 10 of the complaint.

11. Admits that copies of plaintiff's EEOC charges are attached to the complaint but denies the allegations contained in the charges.

12. Denies that plaintiff is entitled to the relief requested in the wherefore clause of her complaint and further denies that she is entitled to any relief whatsoever.

13. Denies each and every material allegation in the complaint that is not specifically admitted in this answer.

14. States that the attempted service of the complaint and summons failed to comply with the Federal Rules of Civil Procedure, and the complaint should therefore be dismissed pursuant to Rule 12(b)(4) and (5).

15. States that plaintiff's complaint fails to state facts upon which relief may be granted against it for discrimination on the basis of age.

16. States that plaintiff's claims are barred in whole or in part by her failure to exhaust all administrative remedies, the applicable statute of limitations, her status as an at-will employee, the after-acquired evidence doctrine, and her failure to mitigate her damages.

17. States that at all times relevant to this action, it acted lawfully and in good faith and had reasonable grounds to believe that its conduct with respect to plaintiff was in full compliance with the law.

18. States that its actions were taken for proper cause and not because of any protected or illegal factor.

19. States that plaintiff's damages, if any, were caused by her own actions or omissions, or the actions or omissions of third parties.

20. Pleading alternatively, in the event there is a finding by the Court that it considered an impermissible factor in any decision relating to plaintiff's employment, which it denies, states that it would have taken the same actions in the absence of the impermissible factor or factors.

21. While denying that any allegedly discriminatory or retaliatory acts took place, states that it exercises, and in the past has exercised, reasonable care to prevent and properly correct any discriminatory or improper behavior and states that plaintiff unreasonably failed to take advantage of any preventative and/or

corrective opportunities provided or to otherwise avoid harm.  Therefore, plaintiff's claims are barred and she is estopped to pursue any such claims.

WHEREFORE, defendant Deli Partners of Little Rock LP d/b/a Jason's Deli prays that the plaintiff's complaint be dismissed, for costs including reasonable attorneys' fees, and for all other proper relief.

> WRIGHT, LINDSEY & JENNINGS LLP
> 200 West Capitol Avenue, Suite 2300
> Little Rock, Arkansas 72201-3699
> (501) 371-0808
> Fax: (501) 376-9442
> E-mail:  mkaemmerling@wlj.com
>
>
> By /s/ Michelle M. Kaemmerling
>     Michelle M. Kaemmerling (2001227)
>     *Attorneys for Defendants*

CERTIFICATE OF SERVICE

On December 27, 2013, a copy of the foregoing was served by U.S. mail on:

Ms. Michele Dague
20 Arbor Oaks
Sherwood, AR 72120

> /s/ Michelle M. Kaemmerling
> Michelle M. Kaemmerling