IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**MICHELE DAGUE**                                                                                       **PLAINTIFF**

v.                                        Case No. 4:13-cv-00627-KGB

**JASON'S DELI and**
**BOURKE HARVEY, franchise owner**                                              **DEFENDANTS**

## ORDER

Plaintiff Michele Dague filed this action against defendants Jason's Deli and Bourke Harvey, alleging that they discriminated against her on the basis of sex, age, and retaliation in violation of Title VII of the Civil Rights Act of 1964 (Dkt. No. 2). Before the Court is Mr. Harvey's motion to dismiss Ms. Dague's complaint against him (Dkt. No. 8). After appointing Ms. Dague counsel on June 19, 2014, the Court gave her 60 days to respond to Mr. Harvey's motion to dismiss (Dkt. No. 27). Ms. Dague has not responded, and the time for doing so has passed. For the following reasons, the Court grants Mr. Harvey's motion to dismiss Ms. Dague's complaint against him (Dkt. No. 8).

The complaint identifies Mr. Harvey as "franchise owner." Mr. Harvey states that he is president of Deli Partners, LLC, which manages Deli Partners of Little Rock LP d/b/a Jason's Deli—the Jason's Deli franchise where Ms. Dague formerly worked. Mr. Harvey also represents that he has an ownership interest in the Little Rock franchise through another company.

A complaint should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *In re K-tel Int'l Sec. Litig.*, 300 F.3d 881, 904 (8th Cir. 2002) (citations omitted). Mr. Harvey argues that Ms. Dague fails to state claims against him because he was not her "employer" under Title VII.

Under Title VII, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b).  "[T]he obvious purpose of th[e] agent provision [of § 2000e(b)] was to incorporate respondeat superior liability into the statute." *Grissom v. Waterloo Indus.*, 902 F. Supp. 867, 870 (E.D. Ark. 1995) (alterations in original) (citation omitted).  Thus, "if a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action." *Moss v. W & A Cleaners*, 111 F. Supp. 2d 1181, 1187 (M.D. Ala. 2000).

Similarly, the Eighth Circuit has consistently held that "supervisors may not be held individually liable under Title VII." *Griffin v. Webb*, 653 F. Supp. 2d 925, 933 (E.D. Ark. 2009) (quoting *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 931 (8th Cir. 2007) (quoting *Schoffstall v. Henderson*, 223 F.3d 818, 821 n.2 (8th Cir. 2000))).  As Mr. Harvey points out in support of his motion to dismiss, other courts have rejected arguments that an individual's ownership interest provides a legal basis for individual liability under Title VII.  *See Harris v. Heritage Home Health Care*, 939 F. Supp. 2d 793, 800 (E.D. Mich. 2013) (rejecting argument that individual defendants could be liable under Title VII based on their status as owners and agents); *Parada v. Great Plains Int'l of Sioux City, Inc.*, 483 F. Supp. 2d 777, 784, 792 (N.D. Iowa 2007) (dismissing individual Title VII claims against president and shareholder of the corporate defendant); *Humphreys v. Med. Towers*, 893 F. Supp. 672, 688 (S.D. Tex. 1995) (finding that individual defendant could not be personally liable under Title VII even though he was sole shareholder and president of the managing and general partner company of plaintiff's employer,

the operation of which the individual defendant controlled). Ms. Dague has not responded to the motion or identified contrary authority.

Based on the case law above, the Court grants Mr. Harvey's motion to dismiss Ms. Dague's complaint against him (Dkt. No. 8). Ms. Dague's Title VII claims against Mr. Harvey are dismissed with prejudice. Ms. Dague's claims against Jason's Deli will proceed.

SO ORDERED this 20th day of August, 2014.

_____
Kristine G. Baker
United States District Judge